**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Wesley Church,<br><br>          Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>          Defendants. | No. CV-08-1563-PHX-DGC<br><br>**ORDER** |

In 2003, Petitioner Ronald Wesley Church was convicted in Maricopa County Superior Court, case No. CR 2002-008030, of possession of dangerous drugs, possession of marijuana, and possession of drug paraphernalia. On December 4, 2004, Church was sentenced to the presumptive term of ten years on the dangerous drug charge and concurrent terms of 3.75 years on the other two counts. The state upheld Church's convictions and sentences on direct appeal. Church filed for post-conviction relief, and the trial court denied his petition. The Arizona Court of Appeals summarily denied Church's petition for review.

In 2008, Church filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Doc. 1, amended by Docs. 7 & 9. Church raised four grounds for relief. Doc. 9. The Court denied the last three grounds for failure to allege a constitutional violation. Doc. 10 at 2. The Court ordered Respondents to answer ground one, alleging ineffective assistance of counsel. *Id.* Respondents filed an answer

(Doc. 27), and Church filed a reply. Doc. 31. United States Magistrate Judge Jay R. Irwin issued a report and recommendation ("R&R"), finding that counsel's conduct had fallen below the professional norm, but that Petitioner had failed to show prejudice as a result. Doc. 105. Judge Irwin recommended that Church's petition be denied and that a certificate of appealability be issued. *Id.* Both Church and Respondents have filed objections. Docs. 107, 106. Neither party has requested oral argument. For the reasons set forth below, the Court will reject one statement of fact in the R&R, accept the R&R's conclusions in full, and deny the petition. The Court will issue a certificate of appealability.

**I. Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II. Analysis.**

**A. Petitioner's Objections.**

Petitioner Church objects to Judge Irwin's findings that he has not shown that he suffered prejudice as required by the second prong of the *Strickland* test for ineffective assistance of counsel. Doc. 107 at 1, *see Strickland v. Washington* (466 U.S. 668 (1984)). Judge Irwin found that counsel's conduct fell below the professional norm because she failed to request a continuance or a competency redetermination on the basis of Church's alleged incompetence on the day of trial, and she failed to present the most crucial fact bearing upon his competency. Doc. 105 at 31-32. Specifically, while counsel alerted Judge Jeffrey Cates to the fact that Church had not taken his medication on the day of trial, and that he had previously been found incompetent, she did not tell Judge Cates that the competency judge had ordered Church to remain on medication as a condition of his competency. *Id.* at 31. Judge Cates questioned Church regarding the effectiveness of his

- 2 -

medications and regarding his understanding of what was to happen at trial, including Church's possible sentence if found guilty, and Judge Cates concluded that Church was able to proceed. *Id.* at 3-7, 40. Judge Irwin found that even if Judge Cates had known about the competency judge's order, and counsel had moved for a continuance on the basis of Church's incompetency, Church failed to show a reasonable probability that the judge would have ordered a continuance rather than hold trial. *Id.* at 40.

The only support Church gives for his objection to Judge Irwin's findings is that the video recording of his responses to Judge Cates shows that he was "twitchy or fidgety" and appeared "dazed and confused." Doc. 107 at 2-3. Church concludes that his responses to Judge Cates, when viewed in light of his body language and demeanor, show that "a reasonable court would have granted a continuance." *Id.* at 2. The question currently before the Court, however, is not whether Judge Cates acted reasonably in proceeding to trial in light of Church's responses and body language. The relevant question is whether there is a reasonable probability that a judge in Judge Cates' position would have made a different determination about Church's mental state had counsel moved for a continuance and alerted the judge to the order requiring Church's continued medication. The video recording of Church's interactions with Judge Cates is immaterial to this question. Thus, the Court finds that Church has failed to raise a colorable objection to the findings in the R&R that "Petitioner has failed to establish that he was prejudiced by counsel's deficiencies."

This Court also finds Petitioner's arguments on this issue generally are unavailing. Judge Cates understood Petitioner was on medication – Petitioner's counsel told him so. Judge Cates knew that Petitioner had not taken his medication that day – Petitioner's counsel told him so. In this Court's view, Petitioner presents no basis for concluding that Judge Cates' understanding of the situation would have been any different had trial counsel also told him that the competency judge had ordered Petitioner to take the medication. Judge Cates presumably understood that someone prescribed medication is supposed to take it.

Moreover, Judge Cates questioned Petitioner for the purpose of determining whether he was competent to proceed with trial. If he had found Petitioner incompetent, he presumably would not have proceeded with trial. Petitioner provides no basis for this Court to conclude that a request for a continuance from trial counsel would have made a difference.

### B. Respondents' Objections

Respondents object to two factual findings. Doc. 106 at 2-4. Respondents also object to Judge Irwin's conclusions that counsel acted deficiently in failing to request a continuance and that a certificate of appealability should be issued. Doc. 106 at 2-5, 5-8. For the reasons stated below, the Court will reject the first statement to which Respondents object. The Court will accept the second statement as well as Judge Irwin's conclusions regarding counsel's performance and the recommendation that a certificate of appealability be issued.

Respondents object to the statement in the R&R that "Petitioner was having difficulty comprehending the plea offer and applicable sentencing ranges." Doc. 106 at 2 (quoting Doc. 105 at 27). Judge Irwin made this statement, not as an independent finding of fact, but as an illustration of his primary finding that "Petitioner understood the general nature of the proceedings, but was having difficulty following extended discussions." Doc. 105 at 25. The Court agrees with Respondents that the excerpt from the trial court's audio/video recording to which the R&R cites does not show that Church was having difficulty understanding the plea offer and sentencing ranges. The cited portion contains a misstatement by Judge Cates that "if you are found guilty . . . the best you could hope for is six years. But could be as high as five years." Doc. 105 at 27. As verified by the video recording, upon hearing this, Church grabbed his head and turned to his defense counsel who responded, "[i]f you don't understand, you need to tell the judge." Exhibit 3. Church's request at that point to "hear it again" could illustrate Judge Irwin's finding that Church was having difficulty following protracted discussions, and it could illustrate the R&R's specific statement that Church had difficulty comprehending the sentencing

- 4 -

terms. As Respondents suggest, however, it could also show that Church followed Judge Cates' explanation closely enough to catch the contradiction. Doc. 106 at 3. Moreover, Church acknowledged thereafter that he understood Judge Cates' explanations. Doc 105 at 26. The Court will reject the R&R's specific statement that "Petitioner was having difficulty comprehending the plea offer and applicable sentencing ranges." The Court will reject the excerpt that follows as inconclusive and unnecessary to the R&R's primary findings and conclusions.

Respondents also object to Judge Irwin's factual finding that "the weight of the evidence is that Petitioner had not been taking his medication for some time." Doc. 106 at 3 (quoting Doc. 105 at 37). Respondents cite to Church's own statements and those of his counsel showing only that Church had failed to take his medication on the day of trial. Doc. 106 at 3. The R&R also includes these statements and concludes that "the evidence is undisputed that Petitioner had not taken his medication at least on the day of trial." Doc. 105 at 37. The R&R, however, also includes more equivocal statements made by defense counsel, suggesting more than a single day's lapse: "[h]e probably just hasn't been taking his medication, even though its free." Doc. 105 at 38. Furthermore, the R&R cites to Petitioner's own affidavit and his testimony at sentencing stating that he had not taken his medication since his release from the state hospital. Doc. 105 at 38. As Respondents note, "the record is contradictory, at best," regarding the length of time during which Church had failed to take his medication. Doc. 106 at 3. In light of the evidence suggesting more than a single-day lapse, the Court accepts Judge Irwin's finding that "the weight of the evidence is that Petitioner had not been taking his medication for some time." Doc. 105 at 37. Taken in context, the R&R also makes clear that "the ultimate issue is not whether Petitioner had his medication, whether he had taken it, nor even the length of time he had not been taking it. The relevant issue is whether, had counsel performed appropriately, Petitioner would have been deemed incompetent, and/or the trial continued." *Id.* at 38.

Respondents also object to Judge Irwin's conclusion that defense counsel acted

deficiently when she failed to ask for a continuance. Doc. 106 at 4. Respondents argue that counsel was not required to make a futile motion and that Judge Cates' statement that Church "seem[ed] to understand things" shows that he would have denied her request. Doc. 106 at 4-5. As stated in the R&R, however, Judge Cates' statement "is not the equivalent of a finding that Petitioner was competent, which required not only a showing that he understood things, but also that he had 'the capacity to participate in his own defense.'" Doc. 105 at 23 (quoting *Medina v. California*, 505 U.S. 437, 448-49 (1992)). The Court agrees with Judge Irwin that Judge Cates' statement "did not rise to a decision by the court precluding an effort [by counsel] to insure (sic) Petitioner's competence." Doc. 105 at 33. Furthermore, Judge Irwin determined that counsel's failure to request a continuance or a competency redetermination fell below the professional norm particularly because counsel failed to argue "the most significant fact at her disposal," namely that the judge who conducted Church's prior competency hearing had ordered that he continue to take his medications as a condition of his competency. Doc. 105 at 31. Even though this fact does not prove that Church was incompetent on the day of trial, it "raises a reasonable doubt" as to his competence. *See Miles v. Stainer*, 108 F.3d 1109 (9th Cir. 1997) (cited in Doc. 105 at 18). The Court agrees with the R&R's conclusions that reasonable defense counsel would have brought this information to light in the context of a motion for continuance or for a competency redetermination.

Respondents also object to Judge Irwin's conclusion that a certificate of appealablity should be granted. Doc. 106 at 5. The standard for issuing a certificate of appealability is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court has rejected petitioner's constitutional claim to ineffective assistance of counsel on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Respondents argue that Judge Cates' satisfaction with Church's responses to him at trial was enough to establish Church's competency, notwithstanding the fact that Judge Cates

was not informed or presented with evidence to the effect that Church was in violation of the competency judge's order that he remain on medication. Doc. 106 at 5-8. The Court agrees with Judge Irwin's conclusion that reasonable jurists could find it debatable whether there is a "reasonable probability" that a judge in Judge Cates' position would have come to a different conclusion if counsel had made a motion for continuance or a competency rehearing and had informed the court of the contents of the competency judge's order.

**IT IS ORDERED:**

1. The statement in Magistrate Judge Irwin's R&R regarding Petitioner's difficulty comprehending the plea offer and sentencing ranges and the pretrial excerpt offered in support of this finding (Doc. 105 at 26-28) is **not accepted**.

2. The remaining factual findings and conclusions in Judge Irwin's R&R (Doc. 105) are **accepted**.

3. Ronald Church's petition for writ of habeas corpus (Doc. 9) is **denied**.

4. A certificate of appealability is **granted**.

Dated this 28th day of September, 2011.

_____
David G. Campbell
United States District Judge